UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
PEDRO MANUEL ROSARIO,

                Plaintiff,

   - against -

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 1, 2013

11 Civ. 09008 (PAC) (SN)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

      On December 9, 2011, *pro se* plaintiff Pedro Rosario ("Rosario"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, alleging that he was discriminated against because of his race, national origin, age, and disability, by the City of New York (the "City"), the New York City Department of Housing Preservation and Development ("HPD"), Simon Bonanno ("Bonanno"), Frank Richards ("Richards"), and Peter DiMucci ("DiMucci"). Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). On January 9, 2013, Magistrate Judge Sarah Netburn issued a Report and Recommendation[1] ("R&R") recommending that the case be dismissed for failure to state a claim upon which relief can be granted. No objections were filed.

      Rosario is a housing inspector employed by HPD. He alleges that he has been discriminated against through unequal terms and conditions of employment, retaliation, failure to accommodate his disability, and a hostile work environment. First, Rosario claims that several years ago, he was called into Richards' office, wherein he was asked about a woman who

---

[1] All facts are taken from the R&R unless otherwise indicated.

1

complaining of a stolen purse. When Richards said that the woman had not identified him as the thief, Rosario asked if he was being accused and alleges that he was signaled out because of his race. Second, he alleged that Richards provides overtime compensation only to employees of Richards' own ethnicity. Third, he claims that in April, 2010, Bonanno asked if Rosario could set him up with a Hispanic woman. When Rosario declined, he alleges that Bonanno retaliated against him in various ways, including assigning Rosario to desk jobs against the orders of Rosario's physician; assigning Rosario to inspection routes in Chinatown though Rosario does not speak Chinese; and working with Rosario's immediate supervisor, DiMucci, to establish policies that applied only to Rosario.

Judge Netburn recommends dismissing the claims against Bonanno, Richards and DiMucci because none of the statutes under which plaintiff seeks relief allow for his supervisors to be held individually liable. (R&R at 10 (citing Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608 n.8 (2d Cir. 2006) (Title VII); Spiegel v. Schulmann, 604 F.3d 72, 79-80 (2d Cir. 2010) (ADA); Parker v. Metro. Transp. Auth., 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2000) (ADEA)).) Similarly, she recommends dismissing the claims against HPD because City agencies are not suable entities. (Id. (citing Bind v. City of New York, 08 Civ. 11105, 2011 WL 4542897, at *20 (S.D.N.Y. Sept. 30, 2011)).)

Regarding Roasario's claims against the City, Judge Netburn recommended dismissing his ADEA claims for failure to exhaust his administrative remedies because "he did not allege any facts relating to age discrimination" in his EEOC charge (id. at 11 (citing Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin., 818 F. Supp. 2d 712, 737 (S.D.N.Y. 2011))); dismissing his Title VII claims because he "has not pled that anything that happened to him at work was *because of* his national origin or color," but rather that "Bonanno made an

2

inappropriate solicitation that was rejected by Rosario, and that in retaliation for that rebuff, Bonanno imposed unfavorable terms and conditions on Rosario's employment," which, while "inappropriate in the workplace, is not prohibited by Title VII" (id. at 13-14 (emphasis in original) (citing Krasner v. HSH Nordbank AG, 680 F. Supp. 2d 502, 513 (S.D.N.Y. 2010))); and dismissing his ADA claim because "he has not pled any discrimination because of his disability." (Id. at 19.) Finally, Judge Netburn recommended dismissing his retaliation claims because Rosario "has not pled any adverse employment action that resulted from any of his complaints" and his requests for reasonable disability accommodations were granted within a matter of days. (Id. at 21.)

Because no objections have been filed, Judge Netburn's analysis may be adopted "so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). The Court has reviewed the R&R for clear error and finds none. Accordingly, the Court adopts those sections of Judge Netburn's R&R discussed supra.[2]

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Netburn's R&R in its entirety. The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppage v. U.S., 369 U.S. 438 (1962).

Dated: New York, New York
March 1, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[2] Because the motions to dismiss on the aforementioned grounds are dispositive, the Court does not address other grounds discussed in the R&R.

3

Copies Mailed By Chambers To:

Pedro Manuel Rosario
2703 8th Ave, Apt #3B
NY, NY 10030